IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LYLE MARK COULTAS, | Civ. No. 3:12-cv-1132-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| STEVEN PAYNE, individually and in his official capacity as Oregon State Crime Laboratory Detective; CARROLL TICHENOR, individually and in his official capacity as a Yamhill County Prosecutor; KENNETH CROWLEY, individually and in his official capacity as an attorney for the Oregon Department of Justice; LOUIS FASANO, individually and in his capacity as an attorney and as a Pro-Tem Judge; JOHN KROGER, individually and in his official capacity as Attorney General for Oregon; OREGON STATE POLICE; OREGON DEPARTMENT OF JUSTICE; STATE OF OREGON; YAMHILL COUNTY DISTRICT ATTORNEY'S OFFICE; and OREGON STATE BAR, | |

FINDINGS AND RECOMMENDATION         1                                              {KPR}

Defendants.

_____

ACOSTA, Magistrate Judge:

*Introduction*

Defendants Steven Payne ("Payne"), Carroll Tichenor ("Tichenor"), Kenneth Crowley ("Crowley"), Louis Fasano ("Judge Fasano"), John Kroger ("Kroger"), the Oregon State Police ("OSP"), the Oregon Department of Justice ("ODOJ"), the State of Oregon, and the Yamhill County District Attorney's Office ("YCDA") (collectively "Defendants")[1] move for summary judgment on all claims asserted in this action by Plaintiff Lyle Mark Coultas ("Coultas").

Defendants argue that summary judgment should be granted under the doctrine of claim preclusion because Coultas's claims arise from the same operative facts as claims alleged in earlier actions; the state is immune from suit under the Eleventh Amendment; Judge Fasano is immune from suit under the doctrine of judicial immunity; and Coultas has otherwise failed to assert cognizable claims for relief. Coultas responds that claim preclusion does not apply to claims not yet heard on their merits and the damages sought in the two federal suits are not identical; that no immunity is available for violations of the law; and that fraud on the court carries no statute of limitations. For the reasons given below, Defendants' motion should be granted and all claims against Defendants dismissed.

*Background*

This case arises from the 2001 arrest and subsequent conviction of Coultas on charges related to child molestation. According to Coultas, this conviction was the result of the concealment of

---

[1] The only defendant not a party to this motion is the Oregon State Bar. The Oregon State Bar was dismissed by this court in its December 27, 2012, order (#47).

FINDINGS AND RECOMMENDATION        2                              {KPR}

forensic evidence tending to exculpate Coultas from the charges, including both a corroborated alibi and evidence that there was no pornography on Coultas's computer. Coultas moved for a new trial and was granted a hearing in November 2002. He was subsequently granted post-conviction relief, having proved that his computer never contained the pornography upon which his conviction was based.

Coultas filed a civil action in this court on January 13, 2011, against defendants Payne, Tichenor, the OSP, the YCDA, Curt Gilbert ("Gilbert"), the Yamhill County Jail, Russel Ludwig ("Ludwig"), the Yamhill County Sheriff's Department, and the State of Oregon. This action is identified as *Coultas v. Payne*, Civil Number 3:11-cv-00045-AC ("the first federal action"). The complaint is similar to the complaint in the present action, as the claims therein are also based on Coultas's 2001 arrest and conviction. In the first federal action, the court granted dismissal of all claims against defendants Payne, Tichenor, the OSP, the YCDA, and the State of Oregon. The court also granted summary judgment on all but one claim in favor of defendants Gilbert, Ludwig, the Yamhill County Jail, and the Yamhill County Sheriff's Department. The remaining claim was for unlawful deprivation of property by the Yamhill County Sheriff's Department.

Coultas also filed a complaint in Yamhill County against Payne, Tichenor, the OSP, the YCDA, Gilbert, the Yamhill County Jail, Ludwig, the Yamhill County Sheriff's Department, and the State of Oregon asserting the claim of fraud on the court arising from police and prosecutorial misconduct ("the Yamhill County action"). Coultas's claims against Payne, Tichenor, the OSP, the YCDA, and the State of Oregon were dismissed in their entirety, with prejudice, on May 11, 2012, by Yamhill County Circuit Court Judge Fasano.

Coultas filed the present action on June 22, 2012 (hereinafter "the present action"). Coultas

alleges claims for fraud on the court and due process violations of his Constitutional rights to a fair trial and to effective counsel.[2] In addition to the Payne, Tichenor, the OSP, the YCDA, and the State of Oregon, all of whom were named in the prior actions, Coultas alleges claims against Crowley, Judge Fasano, Kroger, and the ODOJ.[3] Here, Coultas alleges claims against the Payne, Tichenor, the OSP, the YCDA, and the State of Oregon that are substantially similar, if not identical, to the claims asserted in the first federal action. Coultas does not dispute the fact that these cases are nearly identical. Coultas alleges that Payne, Tichenor, the OSP, the YCDA, and the State of Oregon produced a false forensic report showing the pornography in question had been on Coultas's computer, failed to disclose exculpatory evidence at trial, and have subsequently refused to investigate this alleged misconduct, which conduct amounts to fraud on the court, conspiracy to commit fraud, and due process violations that include denying Coultas a fair trial and effective assistance of counsel.

Coultas also asserts, in the present action, additional claims against Crowley and Judge Fasano associated with the Yamhill County action. According to Coultas, at hearing on summary judgment, Judge Fasano stated that he had not reviewed the case file and asked Crowley to describe its contents. Crowley told Judge Fasano that the claims had been dismissed in this court under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) ("the *Heck* doctrine") and argued that they should be dismissed in state court under the doctrine of claim preclusion. For his part, Coultas argued at the hearing that the *Heck* doctrine did not apply in state court and the claims were, thus,

---

[2] Because all claims were dismissed as to the OSB, all facts and legal theories associated with those claims are omitted from this recitation of facts and disposition as a whole.

[3] Prior defendants named in earlier actions but not named in this action are Curt Gilbert, Russel Ludwig, and the Yamhill County Jail.

FINDINGS AND RECOMMENDATION        4                                    {KPR}

not precluded.

Judge Fasano granted summary judgment on the record on the singular basis that he was bound by the *Heck* doctrine. He asked Crowley to prepare a proposed order of dismissal. Coultas objected to the order produced by Crowley, arguing that Judge Fasano did not review the file before ruling and that the proposed order did not mention the reason given for dismissal, the application of the *Heck* doctrine. Crowley prepared a second proposed order, that Coultas claimed contained deficiencies similar to the first. Coultas himself prepared a proposed order stating that the claims were dismissed due to application of the *Heck* doctrine. Coultas's order was ignored and Judge Fasano signed one of Crowley's proposed orders. Coultas subsequently filed bar complaints against both Crowley and Judge Fasano for fraud on the court and conspiracy to commit fraud.

Coultas also names the ODOJ and Kroger, then Attorney General of Oregon, as defendants. Coultas alleges that Kroger refused to investigate the alleged misconduct and assigned a single attorney to represent all defendants in spite of obvious conflicts.

*Discussion*

Defendants move for summary judgment on the following five grounds: (1) the claims are precluded, (2) the claims are untimely, (3) Eleventh Amendment immunity applies, (4) judicial immunity applies, and (5) Coultas has failed to state a claim. The court will address each ground in turn.

I.     Claim Preclusion

Regarding claim preclusion, the Oregon Supreme Court stated:

[A] plaintiff who has prosecuted one action against a defendant through to a final judgment . . . is [precluded] . . . from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or

> alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.

*Drews v. EBI Cos.*, 310 Or. 134, 140, 795 P.2d 531 (1990) (quoting *Rennie v. Freeway Transport*, 294 Or. 319, 323, 656 P.2d 919 (1982)). "The rule forecloses a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance." *Bloomfield v. Weakland*, 339 Or. 504, 511, 123 P.3d 275 (2005) (citing *Dean v. Exotic Veneers, Inc.*, 271 Or. 188, 194, 531 P.2d 266 (1975)).

Defendants argue that Coultas asserted identical claims in both the first federal action and the Yamhill County action. These claims were asserted against Defendants Payne, Tichenor, the State, OSP, and the YCDA. According to Defendants, Coultas should have stated these claims against all Defendants in a single action. Instead, he has filed virtually identical claims in two separate federal actions and a state court action. Defendants object to this approach, characterizing it as "time consuming, inefficient, and a waste of judicial resources." (Memorandum (#32) at 5.) Accordingly, Defendants argue that the court should dismiss all claims against Defendants Payne, Tichenor, the State, OSP, and the YCDA.

Coultas responds that claim preclusion applies only where the plaintiff's case has received a full and fair hearing on the merits, and that his claims have not yet received such a hearing as they were erroneously dismissed under the *Heck* doctrine. He also argues that the damages sought are not the same: in the previously filed action, he sought money damages of $10 million and expungement of the criminal record of all charges against him; in the present action, he seeks money damages of $10 million and a full investigation into the underlying allegations. In reply, Defendants argue that claim preclusion, unlike issue preclusion, does not require litigation on the merits. "Claim preclusion differs from issue preclusion in that it 'does not require actual litigation of an issue of fact

or law.'" *Obrist v. Harmon*, 150 Or. App. 173, 177, 945 P.2d 1089 (1997) (quoting *Drews v. EBI Companies*, 310 Or. 134, 140, 795 P.2d 531 (1990)).

The court agrees that claim preclusion applies even though the original action was not decided on the merits. Furthermore, the court agrees that a final judgment issued in the original action. On May 10, 2013, the court issued a final judgment, dismissing with prejudice from the first federal action all of Coultas's claims against Defendants Payne, Tichenor, the State, OSP, and the YCDA. As described above, the claims asserted in the first federal action are based on the same factual transaction as those presently asserted and the claims are based on the same legal theories as those relied on in the first federal action. Further, the court is unpersuaded that the differences in the relief sought in the first and second federal actions affects the claim preclusion analysis. As above, Coultas currently seeks an alternative remedy – a full investigation into the allegations – from the remedy originally sought. However, this remedy could have been requested in the first federal action its inclusion here does not create a new claim that avoids claim preclusion. *See McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986) ("The doctrine of claim preclusion bars 'all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . *on the same cause of action* . . . .'" (emphasis in original)). For these reasons, all claims against Defendants Payne, Tichenor, the State, OSP, and the YCDA are subject to the doctrine of claim preclusion and should be dismissed on summary judgment.

## II.   Statute of Limitations

The statute of limitations that is applied to claims under section 1983 is the limitations period for personal injury actions in the forum state. *Van Strum v. Lawn*, 929 F.2d 1384, 1386 (9th Cir. 1991). In Oregon, the statutory period for such claims is two years. *See Atwood v. Oregon Dept.*

*of Transportation*, CV-06-1726-ST, 2008 U.S. Dist. LEXIS 22369, at *4 (D. Or. Mar. 20, 2008) ("In Oregon, § 1983 claims are governed by the two year statute of limitations in ORS 12.110." (citing *Wilson v. Garcia*, 471 U.S. 261, 275 (1985), and *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002)). The accrual of a section 1983 cause of action is nonetheless governed by federal law, and "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

Defendants argue that the claims against Payne, Tichenor, the OSP, and the YCDA are barrred by the statute of limitations as none of their alleged acts took place within two years of filing. Coultas argues that his claim for fraud on the court is not barred because there is no statute of limitations for fraud on the court, a contention that Defendants do not dispute. Rather, Defendants contend, even if the claim for fraud on the court is not barred as untimely, it is barred by the *Heck* doctrine. Whether the *Heck* doctrine is a bar to Coultas's claims, including fraud on the court, is an issue currently on appeal before the Ninth Circuit. Nonetheless, the court need not rule on this issue to dismiss the claim because it is barred by claim preclusion. As such, the court declines reach Defendants' argument invoking the *Heck* doctrine.

The court agrees that Coultas has alleged no conduct by Payne, Tichenor, the OSP, or the YCDA that has occurred within two years of the date his complaint was filed, June 22, 2012. Thus, all claims pursuant to section 1983, with the exception of the claim for fraud on the court, are time-barred as against these defendants. Accordingly, summary judgment as to these claims should be granted.

III.     Eleventh Amendment Immunity

"The Eleventh Amendment creates an important limitation on federal court jurisdiction, generally prohibiting federal courts from hearing suits brought by private citizens against state governments without the state's consent." *Sofamor Danek Group v. Brown*, 124 F.3d 1179, 1183 (9th Cir. 1997) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)). Eleventh Amendment immunity extends to suits against state agencies. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Although the Eleventh Amendment bars suits against state officers who are sued in their official capacity for damages or other retroactive relief, it permits suits for prospective declaratory or injunctive relief against state officials acting in their official capacity. *Ex parte Young*, 209 U.S. 123, 155-56 (1908). The Eleventh Amendment does not, however, bar suits for damages against state officials in their personal capacity. *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992).

A state may waive its Eleventh Amendment immunity. *Actmedia, Inc. v. Stroh*, 830 F.2d 957 (9th Cir. 1986). However, "[a] general waiver of sovereign immunity, although sufficient to subject a state to suit in its own courts, is insufficient to waive a state's Eleventh Amendment immunity from suits in federal court." *McVay v. Becker*, 3:10-CV-1484-AC, 2012 U.S. Dist. LEXIS 72708 (D. Or. Mar. 21, 2012) (citing *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985)). Thus, "[a]lthough the OTCA waives the State of Oregon's immunity to actions in state court, it is not a waiver of Eleventh Amendment immunity" in federal court. *Jenkins v. Goldston*, 09-CV-900-BR, 2011 U.S. Dist. LEXIS 1057, at *22 (D. Or. Jan. 4, 2011) (citing *Estate of Pond v. Oregon*, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004)).

Defendants argue that all claims against the State, the OSP, the ODOJ, and the YCDA are barred by the Eleventh Amendment. As stated above, state agencies are immune from suit in federal

court in the same manner as the state itself. As such, Defendants are correct that the OSP, the ODOJ, and the YCDA are immune from suit to the same extent as the State is itself immune. Accordingly, the State being immune from all claims against it in federal court, except where its immunity is expressly waived, the State, the OSP, the ODOJ, and the YCDA are immune from all claims asserted in this case. Summary judgment should be granted with respect to these claims.

IV.     Judicial Immunity

"Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities." *Olsen v. Idaho State Board of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) (citing *Stump v. Sparkman*, 435 U.S. 349, 364 (1978)). This immunity is subject to two primary qualifications: "First, the immunity covers only those acts which are 'judicial' in nature. Second, 'a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he acted in the clear absence of all jurisdiction.'" *O'Neil v. Lake Oswego*, 642 F.2d 367, (9th Cir. 1981) (quoting *Stump*, at 1104-1108 (internal citations omitted)). "Where not clearly lacking subject matter jurisdiction, a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). In this context, the existence of subject matter jurisdiction should be broadly construed. *Id*.

The Ninth Circuit has explicitly extended judicial immunity to charges of a conspiracy:

> [A]llegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence. . . . The primary policy of extending immunity to judges and to prosecutors is to ensure independent and disinterested judicial and prosecutorial decisionmaking. . . . To foreclose immunity upon allegations that judicial and prosecutorial decisions were conditioned upon a conspiracy or bribery serves to defeat these policies.

*Id.* at 1078. In Oregon, this immunity extends to pro tem judges. *See O'Neil*, 642 F.2d at 367-368 ("Plaintiff prevailed in district court in a civil rights action against an Oregon pro tem municipal judge who found her in contempt. We reverse on the basis of judicial immunity.").

Here, the actions of Judge Fasano that Coultas's claims are based on are decidedly judicial in nature. Coultas alleges that Judge Fasano did not read the case file, relied on Crowley's representations, granted summary judgment on the erroneous basis that he was bound by this court's decision with respect to the *Heck* doctrine, ignored Coultas's objections to the proposed orders prepared by Crowley, and signed one of the orders, thereby dismissing Coultas's claims. In doing so, Coultas alleges that Judge Fasano conspired to violate and violated his due process rights, perpetrated a fraud on the court, and attempted to conceal the illegal activity of Tichenor and Payne. However, Judge Fasano's actions were purely judicial and within his jurisdiction and, therefore, Judge Fasano is entitled to judicial immunity from the claims alleged against him. Summary judgment as to these claims should be granted.

V.      Failure to State a Claim

Defendants argue that Coultas has failed to allege sufficient facts to plausibly plead his remaining claims against Kroger and Crowley.

Rule 8(a) governs pleadings and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a) (2009). Rule 12(b)(6) states that a claim may be dismissed "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege more than legal conclusions and must include factual allegations sufficient to give proper notice of the claim and its basis. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). "While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Coultas alleges that Kroger, who was Attorney General of Oregon at the time of the alleged acts, ignored a letter from Coultas regarding the alleged misconduct by Crowley, and that Kroger was aware that Coultas's rights had been violated, refused to investigate, and permitted Crowley to represent multiple defendants despite a clear conflict of interest. Coultas does not articulate any duty held by Kroger that could give rise to a claim against him for the alleged inaction. As such, Coultas has failed to state a cognizable claim against Kroger, and the claims against Kroger should be dismissed.

Coultas alleges that Crowley was appointed to represent the State Defendants, filed motions on their behalf, and was successful with respect to those motions. Coultas also alleges that, in the state court case, Crowley prepared objectionable orders, one of which Judge Fasano signed. Again, Coultas's allegations fail to state a cognizable claim for relief and, accordingly, the claims against Crowley should be dismissed from this action.

*Conclusions*

For the reasons stated, Defendants' Motion for Summary Judgment (#31) should be granted in its entirety.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 18, 2013. If no objections are filed, then the Findings and Recommendation will

go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 4th day of September, 2013.

       /s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge