IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LYLE MARK COULTAS,

        Plaintiff,

    v.

STEVEN PAYNE, individually and in his official capacity as Oregon State Crime Laboratory Detective; CARROLL TICHENOR, individually and in his official capacity as a Yamhill County Prosecutor; KENNETH CROWLEY, individually and in his official capacity as an attorney for the Oregon Department of Justice; LOUIS FASANO, individually and in his capacity as an attorney and as a Pro-Tem Judge; JOHN KROGER, individually and in his official capacity as Attorney General for Oregon; OREGON STATE POLICE; OREGON DEPARTMENT OF JUSTICE; STATE OF OREGON; YAMHILL

Civ. No. 3:12-cv-1132-AC

FINDINGS AND RECOMMENDATION

FINDINGS AND RECOMMENDATION        {KPR}

COUNTY DISTRICT ATTORNEY'S
OFFICE; and OREGON STATE BAR,

                              Defendants.

_____

ACOSTA, Magistrate Judge:

      Plaintiff Lyle Mark Coultas ("Coultas") seeks leave to amend his complaint to add as defendants in this case Oregon State Bar ("OSB") officials Susan Cournoyer, Martha Hicks, and Scott Morrill in their individual and/or official capacities. The court previously dismissed the OSB as a defendant in this case on Eleventh Amendment immunity grounds. For the reasons stated, Coultas's motion for leave to amend should be denied.

*Legal Standard*

      Amendments to pleadings are governed by Rule 15(a), which provides: "A party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The decision whether to grant or deny leave to amend is within the discretion of the district court. *California v. Neville Chemical Co.*, 358 F.3d 661, 673 (9th Cir. 2003). The standard is liberal, but leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Factors considered in determining whether to grant a motion to amend include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), *cert. denied*, 516 U.S. 1051 (1996).

*Discussion*

      In his amended complaint, Coultas states the following allegations against OSB officials

Cournoyer, Hicks, and Morrill. According to Coultas, in reviewing and dismissing Coultas's ethics complaints against Kenneth Crowley, Carroll Tichenor, and Steven Payne, Cournoyer ignored evidence that demonstrated misconduct and, therefore, the dismissal of these claims was improper. Coultas further argues that Cournoyer submitted a biased report to the reviewing entity on appeal, further thwarting Coultas's attempts to hold the attorneys liable for ethical violations. Specifically, Coultas takes issue with Cournoyer's finding that the prosecution, and namely Tichenor, turned over all written reports to the defense, thus providing sufficient notice of the exculpatory evidence. Coultas also alleges that Hicks and Morrill engaged in conduct similar to Cournoyer.

In its previous disposition dismissing the OSB as a defendant under Eleventh Amendment immunity, the court observed that there are exceptions to this immunity. *See Coultas v. Payne*, Civ. No. 3:12-cv-1132-AC (#40), at 5-7. The exception potentially relevant to Coultas's proposed claim was recognized by the Supreme Court in *Ex Parte Young*, 209 U.S. 123, 157 (1908).[1] *"Ex Parte Young* provided a narrow exception to Eleventh Amendment immunity for certain suits seeking declaratory and injunctive relief against unconstitutional actions taken by state officers in their official capacities." *Rounds v. Oregon State Board of Higher Education*, 166 F.3d 1032, 1036 (9th Cir. 1999) (citing Ex Parte Young, at 155-156). This exception applies only "when suit is brought against the officers themselves, rather than against the state or its agencies." *ACLU of Nevada v. Nevada Commissionn on Judicial Discipline*, No. 04-15765, 2005 U.S. App. LEXIS 26710, at 2 (9th Cir. Nev. 2005) (citing Ex Parte Young, at 152). Furthermore, any declaratory or injunctive relief must be exclusively prospective in order to qualify for the *Ex Parte Young* exception. *Nat'l*

---

[1] The other exceptions are for waiver and abrogation by statute, neither of which are argued or applicable here.

*Audubon Society v. Davis*, 307 F.3d 835, 847-848 (9th Cir. 2002).

Here, Coultas seeks leave to amend his complaint to add claims against state officials in their official capacity. He does not, however, seek declaratory or injunctive relief. Rather, Coultas's proposed amended complaint seeks an investigation of past events and restitution in the amount of $10 million. Accordingly, Coultas's claims against officials at the OSB would be barred by Eleventh Amendment immunity. The proposed amendment would thus be futile and the motion for leave to amend (Dkt. #49) should be denied.

## *Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due October 8, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 23rd day of September, 2013.

        /s/ John V. Acosta
        JOHN V. ACOSTA
        United States Magistrate Judge