IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LYLE MARK COULTAS**, | Case No. 3:12-cv-1132-AC |
| Plaintiff, | |
| v. | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |
| **STEVEN PAYNE,** *et al.***,** | |
| Defendants. | |

United States Magistrate Judge John V. Acosta issued Findings and Recommendations in this case on September 4, 2013. Dkt. 55. Judge Acosta recommended that Defendants' Motion for Summary Judgment (Dkt. 31) be granted.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a Magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. Dkt. 58. Defendants filed a response to Plaintiff's objection. Dkt. 62. Plaintiff's sole objection is that Judge Acosta erroneously evaluated Plaintiff's claim as a civil case, when Plaintiff's action is not a civil case. Plaintiff, however, brings his action under 42 U.S.C. § 1983, which is a statute providing for civil actions. It appears that Plaintiff is arguing that his case is not civil because, in addition to seeking $10 million in damages, he seeks the remedy that a criminal investigation be commenced against persons whom Plaintiff believes are engaged in criminal conduct by perjuring themselves and inflicting a fraud upon the court. This requested additional injunctive remedy does not render Plaintiff's otherwise civil case criminal in nature.

The Court has reviewed *de novo* those portions of Judge Acosta's Findings and Recommendation to which Plaintiff has objected. The Court agrees with Judge Acosta's reasoning and ADOPTS those portions of the Findings and Recommendation.

PAGE 2 – ORDER

For those portions of Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Acosta's Findings and Recommendation. Dkt. 55. Defendants' Motion for Summary Judgment (Dkt. 31) is GRANTED, and this case is dismissed with prejudice. The Court further finds that any appeal from this Order would not be taken in good faith and Plaintiff's in forma pauperis status should be revoked pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

DATED this 30th day of September 2013.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge